UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| Longquan Jiefeng Trade Co., Ltd., Zhejiang Senya Board Industry Co., Ltd and Zhangzhou Wanjiamei Industry & Trade Co., Ltd.<br><br>                    Plaintiffs,<br><br>    v.<br><br>United States. | Court No. 26-2485<br><br>Complaint |

## COMPLAINT

Plaintiffs Longquan Jiefeng Trade Co., Ltd., Zhejiang Senya Board Industry Co., Ltd and Zhangzhou Wanjiamei Industry & Trade Co., Ltd. by and through their attorneys, alleges and states the following claims against the defendant United States.

## JURISDICTION

1. This action is brought pursuant to the authority of 19 U.S.C. §1516a(a)(2)(A)(i)(I), 19 U.S.C. §1516a(a)(2)(B)(iii), and 28 U.S.C. §1581(c) to contest the U.S. Department of Commerce (Commerce) 2023–2024 administrative determination in *Wood Moulding and Millwork Products from the PRC: Final Results of Antidumping Duty Administrative Review, 91 Fed. Reg. 8823* (February 24, 2026) ("Final Determination") and its accompanying Issues and Decision Memorandum (February 20, 2026) ("IDM").

2. The United States Court of International Trade has exclusive jurisdiction over this action pursuant to 28 U.S.C. §1581(c) because the action is commenced under §516A of the Tariff Act of 1930, 19 U.S.C. §1516a.

## STANDING

3. Plaintiffs Longquan Jiefeng Trade Co., Ltd., Zhejiang Senya Board Industry Co., Ltd and Zhangzhou Wanjiamei Industry & Trade Co., Ltd. are Corporations organized under the laws of the People's Republic of China. Plaintiffs produced and/or exported Wood Moulding in the People's Republic of China and exported the same to the United States.   All plaintiffs were active participants in the Department of Commerce antidumping administrative review and plaintiffs Longquan Jiefeng Trade Co., Ltd. and Zhejiang Senya Board Industry Co., Ltd were designated as mandatory respondents.

4. Pursuant to 19 U.S.C. §1516a(2), all plaintiffs are interested parties as defined in 19 U.S.C. §1677(9)(A) as all plaintiffs were parties to the proceeding in connection with which this matter arises.

5. Plaintiffs have standing under 28 U.S.C. §2631(c) to commence this action.

## TIMELINESS OF THIS ACTION

6. Plaintiffs commenced this action by filing a Summons with this Court on March 25, 2026, which was within thirty days after the date of the publication of

the order in the *Federal Register* on February 24, 2026. Plaintiffs are filing this complaint on April 22, 2026, which is within thirty days from the date of the filing of the Summons. In accordance with Rule 6(a) this satisfies the timeliness requirement in accordance with 19 U.S.C. §1516a(a)(2)(A).

## THE ADMINISTRATIVE PROCESS

7.      On April 9, 2024 the Department initiated this matter in response to a request for review filed by the U.S. domestic industry on February 29, 2024. See *Initiation of Antidumping and Countervailing Duty Administrative Reviews,* 89 Fed. Reg. 24,780 (April 9, 2024).

8.      Between July 17, 2024 and May 6, 2025, plaintiffs submitted responses to the Department's questionnaires.

9.      On June 16, 2025, the Department published the preliminary results as *Wood Mouldings and Millwork Products From the People's Republic of China: Preliminary Results and Rescission, in Part, of Antidumping Duty Administrative Review; 2023–2024*, 90 Fed. Reg. 25209 (June 16, 2025).

10.     On August 11, 2025, plaintiffs as well as the U.S. domestic industry, filed administrative case briefs with the Department of Commerce challenging the preliminary results.

11.     On  August 18, 2025 plaintiffs and the domestic industry filed administrative rebuttal briefs with the Department of Commerce.

12.    On February 19, 2026 the Department issued the final results.  On February 24, 2026,  these results were published in the Federal Register as *Wood Mouldings and Millwork Products From the People's Republic of China: Final Results of Antidumping Duty Administrative Review; 2023–2024,* 91 Fed. Reg. 8823 (February 24, 2026).   In the final results the Department assigned a rate of 61.86% to plaintiffs Longquan Jiefeng Trade Co., Ltd. and Zhejiang Senya Board Industry Co., Ltd and a rate of 37.24% for plaintiff Zhangzhou Wanjiamei Industry & Trade Co., Ltd.

### STANDARD OF REVIEW

13.    The standard of review of a final determination made by the Department of Commerce in an antidumping duty case is set forth in 19 U.S.C. § 1516a(b)(1)(B)(I) as follows: "The Court shall hold unlawful any determination, finding or conclusion found . . . to be unsupported by substantial evidence on the record, or otherwise not in accordance with law." Therefore, the Court must remand any administrative determination made by the Department, which is unsupported by substantial evidence on the record as a whole or is otherwise not in accordance with law. *Koyo Seiko Co. v. United States*, 796 F. Supp. 1526, 1528, 16 CIT 539 (1992). Decisions of the Commerce Department "must be supported by adequate reasoning *Taian Ziyang Food v. United States*, 33 CIT , Slip Op. 09-67 (June 29, 2009) at 74 and 109; *Jinan Yipin Corp. v. United States*, 33 CIT , Slip Op. 09-70

(July 2, 2009) at 11; *Carpenter Technology, et al. v. United States*, 33 CIT , Slip Op. 09-134 (November 23, 2009) at 13. "Substantial evidence on the record means 'more than a mere scintilla' and 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,' taking into account the entire record, including whatever fairly detracts from the substantiality of the evidence." *Atlantic Sugar, Ltd. v. United States*, 2 Fed. Cir. 130, 136, 744 F.2d. 1445, 1452 (1984) (footnote omitted).

14.    Pursuant to *Loper Bright Enterprises, et al., Petitioners, v. Gina Raimondo, Secretary of Commerce, et al.* 144 S. Ct. 2244 (2024), which struck down the concept of *Chevron* deference doctrine, the ultimate deference owed to an agency interpretation for new matters is limited and the Court is the ultimate arbitor.

15.    This Court must hold as unlawful any decision by the Department, which is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and not supported by substantial evidence on the record.

## CLAIMS

## COUNT ONE

16.    The allegations of paragraphs 1 through 15 are incorporated by reference and restated as if fully set forth herein

5

17. The Department's final determination to use veneer for a substitute for logs without adjustment is not appropriate.

18. The record establishes that plaintiffs used logs, not veneer as an input.

19. Veneer is a significantly more advanced product than the input logs and thus necessarily includes in its value various operations which are performed on the logs resulting in a double counting of certain operations.

20. The Department's determination that veneer is an appropriate substitute for logs is arbitrary and capricious and otherwise contrary to the evidence of record.

**COUNT TWO**

20. The allegations of paragraphs 1 through 15 are incorporated by reference and restated as if fully set forth herein

25. The Department's selection of a single financial statement as the basis for financial ratios was incorrect.  The Department had of record multiple financial statements, but instead of selecting more than a single financial statement, elected to rely upon a non-representative financial statement

COUNT THREE

26. The allegations of paragraphs 1 through 15 are incorporated by reference and restated as if fully set forth herein

27. The Department's finding that Senya failed to cooperate and thus rejected the use of the data involving the processing of logs, was an abuse of discretion.

6

Senya provided all of the information in its possession and which it could reasonably obtain. The information of record was sufficient to calculate values for the processing of the logs.

28. The Department's "neutral" facts were not neutral, but rather significantly overstated the value of the processing of the logs.

COUNT FOUR

29. The allegations of paragraphs 1 through 15 are incorporated by reference and restated as if fully set forth herein.

30. The Department incorrectly included consumption used in General R&D in the calculations. The inclusion of this resulted in the double counting of the expenses – once in the surrogate financial statements and then the specific amounts of R & D.

**PRAYER FOR RELIEF**

WHEREFOR, the plaintiffs respectfully request that this Court enter judgment as follows:

1. Sustaining counts one to four of plaintiffs' complaint;

2. Remanding this matter to the Department of Commerce for issuance of a determination consistent with the decision of this court;

3. Awarding attorney fees and costs; and

7

4.  Providing such other relief as the court may deem just and appropriate.

Respectfully submitted,

/s/ David J. Craven

David J. Craven
Counsel to Longquan Jiefeng Trade
Co., Ltd., Zhejiang Senya Board
Industry Co., Ltd and Zhangzhou
Wanjiamei Industry & Trade Co.,

Craven Trade Law LLC
3744 N Ashland
Chicago, IL 60613
(773) 709-8506
David.craven@tradelaw.com

Date April 22, 2026